## Lindsey v. National Bond & Investment Company.

(Decided June 24, 1927.)

### Appeal from Boyd Circuit Court.

1. Process.—Evidence held insufficient to justify court in setting aside service of summons on ground that it had been served on a person other than defendant.

2.   Process.—Before a court is authorized to set aside return on summons, evidence must be clear and convincing and leave no doubt that summons was not executed as shown in return.

LINDSEY D. BRUCE for appellant.

CLIFFORD E. SMITH, WATT PRICHARD and FRANK C. MALIN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On the 15th day of December, 1923, appellee obtained a judgment against appellant in the Boyd circuit court for the sum of $494.50, with interest thereon from December 10, 1922, and $13.40 costs. In June, 1924, appellee caused an execution to issue on the judgment, which was returned "no property found." This suit was instituted in equity, and a general order of attachment was issued, and the Chesapeake & Ohio Railway Company was served as garnishee. Appellant filed his answer, alleging that the judgment was obtained against him by fraud practiced on him by the court and appellee, in that he was not served with a summons in the first action, and for that reason the court had no jurisdiction to render the judgment. This was denied by reply.

The summons in the first action shows that it was executed on appellant by the sheriff. The return bears date April 10, 1923. It is the contention of appellant that the summons was executed on some person other than himself. He offers proof in support of this contention. A witness' testified that he was with the wife of appellant, and the summons was executed on him. The testimony of this witness is far from satisfactory. He said that the deputy sheriff said to him at the time that he executed the summons that he had been looking for him for a long time, and that he had found him at last. The summons was issued only the day before. We consider the evidence of this witness as of little value. Appellant himself testified that he was in Pikeville on April 10, and he establishes this by proof. The deputy sheriff testified that he executed the summons on appellant in a soft drink stand in Ashland. He did not know appellant personally, but he had requested a man who did know him well to point him out at the time he executed the summons on him. When the summons was executed, the man who received it said his name was Lindsey. The man who pointed him out testified that he did point the

appellant out to the deputy sheriff and saw him approach appellant, but did not actually see him deliver the sum-. mons to him. The deputy sheriff stated that he usually made a memorandum on a summons showing the date on which it was executed, but he did not always do that, and at times when he wrote his return he dated it on the day the return was written rather than on the day the summons was executed.

The return of an officer on a process cannot be lightly set aside. Before a court is authorized to set aside such a return the evidence must be clear and convincing, and leave no doubt in the mind of the court that the summons was not executed as is shown by the return. The evidence in this case falls far short of that. The chancellor who knew the parties, as well as the surrounding circumstances, sustained the return, and in so doing he was clearly correct.

The judgment is affirmed.